Sarah Fraser Robbins v. Commissioner.
Robbins v. Commissioner
Docket No. 6562.
United States Tax Court
1945 Tax Ct. Memo LEXIS 39; 4 T.C.M. (CCH) 1003; T.C.M. (RIA) 45339; November 9, 1945
H. M. Kidder, Esq., 49 Wall St., New York 5, N. Y., for the petitioner. T. R. Charsee, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency in income tax for 1940 in the amount of $270.76. The petitioner alleged error (1) in the disallowance of the deduction of $820.47 claimed as a long-term capital loss on the sale of certain improved real estate; (2) in the failure of respondent to determine that such loss of $820.47 was an allowable deduction under section 23 (e), Internal Revenue Code; and (3) in determining that the petitioner acquired such property for use as a residence or used such property *40 as a residence after December 25, 1936. [The Facts] The facts were stipulated, as follows: The petitioner is an individual and duly filed her income tax return for the calendar year 1940 with the collector of internal revenue for the district of Maine. Jane G. Fraser, petitioner's mother, died on December 25, 1936. At the time of her death, Jane G. Fraser was the owner of improved real estate situated at Morristown, Morris County, New Jersey. The real property was occupied and used by Jane G. Fraser as a residence up to the time of her death. Jane G. Fraser was survived by four daughters and one son, namely: petitioner, Myra Fraser Martin, Ann Fraser Brewer, Jane Fraser Coleman, and George C. Fraser, Jr. Her will, admitted to probate in the Surrogate's Court, Morris County, on or about January 5, 1937, disposed of the Morristown property as part of her residuary estate, which was divided among her five children partly outright and partly in trust. The will provides in part: "Article 4. All the rest, residue and remainder of my estate, real and personal (after provision for debts, taxes and administration expenses), of whatsoever it shall consist, wheresoever situate and *41 whensoever acquired, of which I shall die seized or possessed or to which I may be in any way entitled at the time of my death, I call my Residuary Estate and dispose of as hereinafter provided. "Article 5. I direct that if all my five children survive me my Residuary Estate shall be divided into five shares considered by my executors of equal value, and that one such share of my Residuary Estate shall be set aside for the benefit of each of my children. * * * * *
"Article 12. If my daughter Sarah Fraser (herein referred to as Sarah) shall survive me, I give to her outright one-third of the share of my Residuary Estate set aside for her benefit, and I give the remaining two-thirds of that share to the Trustees of the trust created by and existing under the Deed of Trust dated as of November 19, 1921, made by George C. Fraser as grantor, to Jane G. Fraser, Henry M. Kidder and George C. Fraser, Jr., as trustees, for the benefit of Sarah. The two-thirds of that share hereby given to the Trustees of that trust is an addition to the Trust Property conveyed by that Deed of Trust and shall be subject to all the provisions of that instrument as part of the Trust Property held thereunder. *42 " The petitioner (nee Sarah Fraser) under Articles 4, 5, and 12 of the will, acquired outright on her mother's death an undivided one-fifteenth interest in the Morristown property. Immediately after Jane G. Fraser's death, the Morristown real estate was placed on the market for sale and was continuously offered for sale until January 11, 1940, when it was sold to V. and C., Incorporated, of Cranford, New Jersey. From December 25, 1936, the date of Jane G. Fraser's death, until January 11, 1940, when the real estate was sold, Jane G. Fraser's five children were all married and living in homes of their own outside the State of New Jersey. No one at any time occupied or used the Morristown property after the death of Jane G. Fraser, except a paid caretaker. Neither Jane G. Fraser nor any of her five children, nor any executor or trustee named in her will, has or ever had any connection with or interest in V. and C., Incorporated, the purchaser of the Morristown property. Since its sale, the Morristown property has been transformed as a real estate development into a number of small homes and an apartment house or houses. It was also stipulated that if this Court decides upon the basis *43 of the facts hereinabove set forth that the petitioner acquired her one-fifteenth interest in the property in a transaction entered into for profit within the meaning of section 23 (e) (2) of the Internal Revenue Code, it is agreed that the petitioner sustained a deductible loss of $770.97 in 1940 on the sale of the property in that year. At the hearing the respondent conceded that the facts here presented bring the case squarely within our ruling in N. Stuart Campbell and Elsie Aldrich Campbell, 5 T.C. 272, and stated that the only reason for submitting the case at this time "is that we do not know what disposition Washington intends to make of the Campbell case." On comparison of the facts in the Campbell case with those here presented, it is readily seen that the two cases are indistinguishable. Our decision in the Campbell case clearly governs this case. Decision will be entered for the petitioner.